Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICINN INTERNATIONAL, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PRAKASH PATEL, *et al.*,<br><br>Defendants. | Civil Action No.: 21-20068 (ES)(AME)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court is Plaintiff AmericInn International, LLC's motion for default judgment against defendants Prakash Patel ("P. Patel") and Hansa Patel ("H. Patel") (collectively, "Defendants"). (D.E. No. 8 & D.E. No. 8-2 ("Mov. Br.")). The motion is unopposed. The Court has considered Plaintiff's submissions and decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, the Court **GRANTS** the motion.

**I.    BACKGROUND**

On September 25, 2018, Plaintiff entered into a franchise agreement (the "Franchise Agreement") with P. Patel "for the operation of a . . . guest lodging facility located at 12272 Emerald Coast Parkway, Miramar Beach, Florida 32550" (the "Facility"), for a twenty-year term. (D.E. No. 1 ("Compl.") ¶¶ 10–11, Ex. A). Pursuant to Section 3.1 and Schedule D of the Franchise Agreement, P. Patel agreed to complete construction of the Facility no later than November 25, 2019. (*Id.* ¶ 12, Ex. A § 3.1, Schedule D). Pursuant to Section 11.2, Plaintiff could terminate the Franchise Agreement with notice to P. Patel if he failed to complete construction of the Facility (*id.* ¶ 14, Ex. A § 11.2), and pursuant to Section 12.1 and Schedule D, in the event that Plaintiff

1

terminated the Franchise Agreement prior to the facility's "Opening Day," P. Patel agreed to pay liquidated damages to Plaintiff in the amount of $2,000.00 per the number of guest rooms at the Facility within 10 days following the date of termination (*id.* ¶¶ 15–16, Ex. A § 12.1, Schedule D). Alternatively, also pursuant to Section 12.1, if P. Patel terminated the Franchise Agreement for any reason, P. Patel agreed to pay Plaintiff liquidated damages within 30 days following the date of termination, calculated based on certain monthly royalties and fees, but not less than "$3,000 multiplied by the number of guest rooms[.]" (*Id.* Ex. A § 12.1).

Additionally, pursuant to Section 7.3, interest is payable on any past due amount owed to Plaintiff under the Franchise Agreement at the rate of 1.5% per month accruing from the due date until the amount is paid. (*Id.* ¶ 13, Ex. A § 7.3). Further, pursuant to Section 17.4, P. Patel agreed that in the event of an enforcement action, the non-prevailing party shall pay all costs and expenses, including reasonable attorneys' fees, of the prevailing party. (*Id.* ¶ 17, Ex. A § 17.4).

Effective as of September 25, 2018, H. Patel provided Plaintiff with a guaranty (the "Guaranty") of P. Patel's obligations under the Franchise Agreement. (*Id.* ¶ 18, Ex. B). Pursuant to the Guaranty, H. Patel agreed that, upon a default of the Franchise Agreement, she would immediately make each payment and perform or cause P. Patel to perform each unpaid or unperformed obligation of P. Patel under the Franchise Agreement. (*Id.* ¶¶ 19–20, Ex. B). H. Patel further agreed to pay costs and expenses, including reasonable attorneys' fees, incurred by Plaintiff in enforcing the Franchise Agreement. (*Id.*).

By letter dated April 5, 2021, P. Patel informed Plaintiff of his decision to terminate the Franchise Agreement "effective as of April 26, 2021." (*Id.* ¶ 21, Ex. C). By letter dated April 12, 2021, Plaintiff confirmed its understanding that P. Patel terminated the Franchise Agreement, effective "as of the date of this letter." (*Id.* ¶ 22, Ex. D). Plaintiff advised Defendants that, pursuant

to Section 12.1 of the Franchise Agreement, liquidated damages of $148,000.00 plus interest were due and owing.  (*Id.*).  Plaintiff argues that, to date, Defendants have failed to pay the liquidated damages due and owing under the terms of the Franchise Agreement, in breach thereof.  (Mov. Br. at 2).

On November 18, 2021, Plaintiff filed the Complaint, asserting claims for breach of contract and seeking liquidated damages or, in the alternative, actual damages, interest, attorneys' fees, and costs of suit.  (Compl. ¶¶ 23–36).  On December 15, 2021, Plaintiff submitted proof of service of the Complaint on each Defendant.  (D.E. No. 4).  On January 5, 2021, the Clerk of the Court entered default as to each Defendant.

On April 14, 2022, Plaintiff filed the instant motion, seeking $174,933.31 for liquidated damages and prejudgment interest.  (D.E. No. 8; D.E. No. 8-9 ("Proposed Order")).

## II.     LEGAL STANDARD

A district court may enter default judgment against a party who has failed to plead or otherwise respond to the action filed against him.  Fed. R. Civ. P. 55(b)(2).  To obtain a default judgment, a plaintiff must first request entry of default by the Clerk of the Court.  *See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006) (citation omitted).  Once default is entered, a plaintiff seeking default judgment must then file a motion with the district court requesting the relief.

"[E]ntry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)).  "Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-0119, 2010 WL 2696459, at *1 (D.N.J.

3

July 6, 2010). Then, "the Court must determine (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (citations omitted). In making these determinations, "'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). If the amount of damages cannot be adequately ascertained, "[t]he court may conduct hearings or make referrals . . . [to] determine the amount of damages[.]" Fed. R. Civ. P. 55(b)(2). Additionally, the Court may order supplemental briefing on the issue of damages calculations if necessary. *See United States v. Sanchez*, No. 16-3024, 2018 WL 1151710, at *4 (D.N.J. 2018); *see also Comdyne I, Inc.*, 908 F.2d at 1149.

### III. DISCUSSION

#### A. Jurisdiction

##### i. Subject Matter Jurisdiction

The Court is satisfied that it has subject matter jurisdiction to enter default judgment. District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different States. 28 U.S.C. § 1332(a). A corporation is deemed a citizen of every State where it is incorporated and of the State of its principal place of business. *Id.* § 1332(c). The citizenship of a limited liability company is determined by the citizenship of its members. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). The citizenship of a natural person is determined by the state where the person is domiciled. *Id.* at 104.

Plaintiff, a limited liability company, is wholly owned by Wyndham Hotel Group, LLC, which is wholly owned by Wyndham Hotels & Resorts, Inc., a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Parsippany, New Jersey. (Compl. ¶¶ 1–3). Defendants P. Patel and H. Patel are citizens of the State of Texas, having an address at 1511 Caledonia Trail, Sugarland, Texas 77479. (Mov. Br. at 3 & D.E. No. 4). Plaintiff submits that the amount in controversy in this matter, exclusive of prejudgment interest and costs, exceeds $75,000.00. (Compl. ¶ 6; *see* Mov. Br. at 3; *see also* D.E. No. 8-4 ¶¶16–18, Affidavit of Kendra Mallet ("Mallet Aff.")). Therefore, this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a).

    ii.    **Personal Jurisdiction**

The Court has personal jurisdiction over Defendants. Under Section 17.6.3 of the Franchise Agreement, P. Patel consented to "personal jurisdiction . . . in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey for all cases and controversies under this [Franchise] Agreement or between [Plaintiff] and [P. Patel]." (Compl. Ex. A § 17.6.3). Under the Guaranty, H. Patel acknowledged that she is bound by Section 17 of the Franchise Agreement. (*Id.* Ex. B).

To determine whether a forum selection clause grants personal jurisdiction, a court must determine (i) whether invoking the forum selection clause would be unreasonable, (ii) whether it is applicable to the claims at issue, and (iii) whether it is applicable to the person or entity at issue. *Infinity Staffing Sols., LLC v. Greenlee*, No. 18-12626, 2019 WL 1233554, at *3 (D.N.J. Mar. 18, 2019). In considering the first factor, "a forum selection clause is presumptively valid unless the party objecting to it can show that enforcement of the clause would be unreasonable under the circumstances." *Cambridge Mgmt. Grp., LLC v. Baker*, No. 12-3577, 2013 WL 1314734, at *8

(D.N.J. Mar. 28, 2013). A party may show that a forum selection clause is unreasonable and unenforceable by demonstrating that (i) it is the result of fraud or overreaching, (ii) enforcement would violate a strong public policy, or (iii) enforcement would result in litigation in a jurisdiction "so seriously inconvenient as to be unreasonable." *Id.* (quoting *Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 201 (3d Cir. 1983)); *see also Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 564 (D.N.J. 2000) (noting courts will enforce such clauses absent a "strong showing" that the clause is unreasonable).

Regarding reasonableness, first, nothing in the record suggests that the forum selection clause was the result of fraud. Second, the Court finds that enforcement would not violate public policy. Indeed, "New Jersey courts routinely find forum-selection clauses *prima facie* valid and enforceable." *Cadapult Graphic Sys.*, 98 F. Supp. 2d at 566 (collecting cases). And such favorable treatment is mirrored in federal courts. *See id.* Third, nothing in the record suggests that litigation in New Jersey would be so inconvenient to Defendants, citizens of Texas, as to be unreasonable. *See id.* at 568 (noting that litigation in Oregon was not unreasonably inconvenient for New Jersey litigant because "[b]y executing a forum-selection clause, the parties to the agreement bear the risks of such inconvenience"). Therefore, the Court finds that enforcing the forum selection clause is not unreasonable.

Regarding the last two factors, the Court finds the terms of the forum selection clause in the Franchise Agreement, as well as those in the Guaranty, unambiguous. The forum selection clause is applicable to the claims at issue, which arise out of the Franchise Agreement. (*See* Compl. Ex. A § 17.6.3). And the clause is applicable to Defendants, specifically, to P. Patel under the terms of the Franchise Agreement, and also to H. Patel pursuant to the Guaranty. (*See id.*; *see also id.* Ex. B).

Thus, the Court finds that P. Patel, as a signatory to the Franchise Agreement containing the forum selection clause, and H. Patel, as a signatory to the Guaranty acknowledging that she is also bound by the forum selection clause, are subject to the Court's personal jurisdiction.

### B. Proper Service

The Court finds that Defendants were properly served. For service to be timely, a plaintiff must serve a defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Moreover, Federal Rule of Civil Procedure 4(e)(2) provides that an individual may be served in a judicial district of the United States by doing either of the following: "(A) delivering a copy of the summons and of the complaint to the individual personally; or (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2).

Plaintiff personally served the summons and Complaint, filed on November 18, 2021, on P. Patel and H. Patel on December 7, 2021. (D.E. No. 4). Therefore, based on sufficient proof of service as to all Defendants, the Court finds that Defendants were timely and properly served.

### C. Sufficient Cause of Action

The Court finds that the Complaint states a sufficient cause of action. The elements of a cause of action for breach of contract are (i) a valid contract, (ii) breach by the defendant, and (iii) resulting damages. *See, e.g.*, *Coyle v. Englander's*, 488 A.2d 1083, 1088 (N.J. Super. Ct. App. Div. 1985). Plaintiff alleges P. Patel entered into the Franchise Agreement, and that H. Patel guaranteed P. Patel's obligations under that agreement by entering into the Guaranty. (Compl. ¶¶ 10 & 18). Plaintiff alleges Defendants breached the Franchise Agreement and the Guaranty by failing to pay liquidated damages after the Franchise Agreement was terminated. (*Id.* ¶¶ 28, 35–36). Plaintiff further alleges it suffered damages as a result of Defendants' breach, specifically the

failure to pay liquidated damages due under the Franchise Agreement. (*Id.* ¶¶ 29–32). Based on these allegations, which are accepted as true, the Court finds that Plaintiff has sufficiently stated a cause of action for breach of contract to establish Defendants' liability for the purpose of default judgment.

### D. Propriety of Default Judgment

The Court finds that default judgment is proper in this action. To determine whether granting default judgment is proper, the Court must make factual findings as to "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Here, the current record does not indicate any meritorious defense. *See Malibu Media, LLC v. Deleon*, No. 15-3855, 2016 WL 3452481, at *3 (D.N.J. June 20, 2016) ("The Court may presume that a defendant who has failed to plead, defend, or appear has no meritorious defense."). Moreover, Plaintiff has been prejudiced by Defendants' failure to answer because Plaintiff has been prevented from seeking relief. *See Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) (finding that the plaintiff would suffer prejudice if the court did not enter default judgment because the plaintiff "has no other means of seeking damages for the harm allegedly caused by Defendant"). Finally, with respect to whether default was the result of culpable conduct, Defendants have not participated in the litigation despite being served with the Complaint nearly one year ago. *See, e.g.*, *Prudential Ins. Co. of Am. v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (noting that the defendant is culpable when there is nothing suggesting that anything other than the defendant's willful negligence caused the failure to answer). Thus, Defendants are

culpable for defaulting in this case. For the foregoing reasons, default judgment against Defendants is proper.

### E. Damages

Plaintiff seeks liquidated damages in the amount of $148,000.00 plus prejudgment interest based on the Franchise Agreement. For the following reasons, the Court finds that Plaintiff has not adequately identified the basis for its liquidated damages calculation.

Section 12.1 of the Franchise Agreement provides for liquidated damages under two different circumstances. First, if P. Patel terminated the Franchise Agreement, he must pay liquidated damages within 30 days following the date of termination, which are to be calculated based on certain monthly royalties and fees, but "will not be less than $3,000 multiplied by the number of guest rooms." (Compl. Ex. A § 12.1).

Second, if *Plaintiff* terminated the Franchise Agreement for certain reasons outlined under Schedule D before the Facility's "Opening Date," Defendant must pay liquidated damages "within 10 days after [Defendant] receive[s] [Plaintiff's] notice of termination . . . equal to $2,000 multiplied by the number of guest rooms at the Facility." (*Id.*). Plaintiff alleges that *Defendant* P. Patel terminated the Franchise Agreement but seeks liquidated damages equal to $2,000.00 per guest room at the Facility, which appears to be the calculation applicable if *Plaintiff* had terminated the Franchise Agreement pursuant to Schedule D. (Mov. Br. at 5, 6; Compl. Ex. A § 12.1). Further, Plaintiff identifies the date of *Plaintiff's* letter (April 12, 2021) as the date of termination, rather than the date provided in P. Patel's letter (April 26, 2021), as the effective date of termination. (Mov. Br. at 6 (identifying May 12, 2021 as "30 days from the date of termination")). Therefore, it is unclear which specific clause of Section 12.1 Plaintiff seeks to invoke to calculate

liquidated damages, or whether April 12, 2021 is the appropriate termination date upon which such damages should be based.[1]

Accordingly, Plaintiff has not provided an adequate basis for the amount of liquidated damages it seeks. *See Days Inns Worldwide, Inc. v. Panchal*, No. 15-1459, 2015 WL 5055318, at *2 (D.N.J. Aug. 25, 2015). As such, the Court directs Plaintiff to separately move for a determination of the amount of liquidated damages it is entitled to within 30 days of this Opinion. *See* Fed. R. Civ. Pr. 55(b)(2); *see also Comdyne I, Inc.*, 908 F.2d at 1142; *Sanchez*, 2018 WL 1151710 at *4. Upon such motion, Plaintiff shall set forth all information relevant to the basis for its calculation, including specific references to the applicable clauses of the Franchise Agreement, a basis for its asserted termination date, and, to the extent necessary, the reason for termination.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment against Defendants. The Court reserves decision on the amount of liquidated damages to be awarded pending Plaintiff separately moving for the same. An appropriate Order accompanies this Opinion.

Dated: November 23, 2022

*Esther Salas*
**Hon. Esther Salas, U.S.D.J.**

---

[1] To the extent Plaintiff seeks to invoke the clause of Section 12.1 that would have been triggered upon Plaintiff's termination of the Franchise Agreement pursuant to Schedule D, the Court notes that Plaintiff's termination must have been based on certain reasons outlined under Schedule D before the Facility's "Opening Date." (Compl. Ex. A § 12.1). However, the reason for termination here is unclear. P. Patel's April 5, 2021 letter identifies three reasons for termination: (i) "Serves no purpose for Miramar Hotel LLC in advancing the health of the hotel"; (ii) "Failure to follow through on proposed marketing and promoting of the brand effectively"; and (iii) "Did not have sufficient time[.]" (Compl. Ex. C). But according to Plaintiff's April 12, 2021 letter, termination was because P. Patel "stopped developing the Facility[.]" (Comp. Ex. D).